986 F.2d 546
 300 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Betty GARLIC, through her next friend, Jimmie GARLIC, et
al., Appellants,
v.
FOOD & DRUG ADMINISTRATION.
 No. 92-5117.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 5, 1993.
 
 Before SILBERMAN, BUCKLEY and KAREN LeCRAFT HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the court's order to show cause dated July 27, 1992, and the responses thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the appeal of all unnamed appellants be dismissed. The notice of appeal neither identified Garlic as class representative nor indicated that she was bringing suit "on behalf of all other persons similarly situated." The lack of some indication of Garlic's representative status deprives the court of jurisdiction over the appeal of the unnamed appellants. See Hammon v. Kelly, No. 92-7067 (D.C.Cir. Dec. 15, 1992) (per curiam). It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that consideration of the appeal of Garlic alone be held in abeyance pending final disposition of Adkins v. Safeway, No. 91-7136 (D.C.Cir., scheduled for argument Feb. 5, 1993). In that case, the court has been asked to address the question whether it has jurisdiction over the appeal of a named appellant identified in the notice of appeal as "Donald Leroy Adkins, et al." The answer to that question is potentially dispositive of the appeal of Garlic, whose name appears in the notice of appeal in a similar fashion.
 
 
 5
 The parties are directed to file motions to govern further proceedings within twenty-one (21) days of the court's decision in Adkins.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.